Harris L. Pogust (Atty I.D. No. 52721)
Tobias L. Millrood (Atty I.D. No. 77764)
Gabriel C. Magee (Atty I.D. No. 311646)
POGUST MILLROOD
161 WASHINGTON ST., SUITE 940
CONSHOHOCKEN, PA 19428
(610) 941-4204
tmillrood@pogustmillrood.com

*Attorneys for Plaintiff (additional attorneys listed on signature line)*

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DELAWARE COUNTY, PENNSYLVANIA,<br><br>　　　Plaintiff,<br><br>v.<br><br>PURDUE PHARMA L.P., *et al*,<br><br>　　　Defendants. | Cause No. 18-cv-05627<br><br>Hon. Nitza I. Quinones Alejandro |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO EXTEND
TIME TO MOVE, ANSWER, OR OTHERWISE RESPOND TO
THE FIRST AMENDED COMPLAINT AND PLAINTIFFS' REQUEST FOR
EXPEDITED REMAND CONSIDERATION**

Plaintiff Delaware County, Pennsylvania, by and through its Attorneys, Tobias L. Millrood, Paul J. Hanly, Jr., Carmen P. Belefonte, Daniel Schwarz, and their respective law firms, hereby respectfully submits this Response to Defendants' Motion to Extend Time and Request for Expedited Remand Consideration and states as follows:

1. **On September 21, 2017**, Plaintiff Delaware County (hereinafter "Plaintiff" or "County") filed its Complaint in the Court of Common Pleas of Delaware County alleging that the named Defendants are responsible for damages and harm suffered by the County of Delaware as a result of the greatest current public health crisis in Pennsylvania; the misuse, abuse, and over-prescription of opioids. This was the first Complaint of its kind to be filed in the Commonwealth of Pennsylvania.

2. As detailed in the pleadings in this case, the opioid epidemic did not simply occur on its own. It resulted from the concerted, unlawful actions of companies that manufacture, market, distribute, and sell these dangerous products. In particular, Defendants' conduct involved two schemes: (1) a marketing scheme involving the false and deceptive marketing of prescription opioids, which was designed to dramatically increase the demand for and sale of opioids and opioid prescriptions; and (2) a supply chain scheme, pursuant to which the various entities in the supply chain failed to design and operate systems to identify suspicious orders of prescription opioids, maintain effective controls against diversion, and halt suspicious orders when they were identified, thereby contributing to the oversupply of such drugs and fueling an illegal secondary market. Together, these schemes resulted in dramatic increases in opioid prescribing, in diversion of opioids, and in addiction, death, and all of the social ills connected with widespread and uncontrolled use of these dangerous narcotics.

3. Subsequent to the filing of Delaware County's original Complaint in September of 2017, numerous other counties, cities, District Attorneys' offices, and Third Party Payors in Pennsylvania commenced their own, similar lawsuits. In late January 2018, certain defendants (joined or supported by other defendants as well as by plaintiffs in the majority cases then pending in courts in Pennsylvania) moved to coordinate Pennsylvania state-court opioid litigation in Delaware County pursuant to Pennsylvania Rule of Civil Procedure 213.1.

4. On March 26, 2018, the Delaware County Court of Common Pleas coordinated the present action and fifteen others for pretrial proceedings. Since then, additional actions

have been identified and transferred to Delaware County for coordinated treatment with this case. Currently, these coordinated proceedings encompass cases on behalf of approximately 25 Pennsylvania counties, nine Third Party Payors, two Pennsylvania District Attorneys' offices, two Pennsylvania cities, and two Pennsylvania townships.[1]

5. Per the Delaware County Court's Case Management Order, four "test cases" were chosen among the Coordinated proceedings for the purposes of evaluating preliminary objections, which included this Plaintiff Delaware County, the County of Carbon,[2] the Carpenters Health and Welfare Fund of Philadelphia and Vicinity ("Carpenters"), and the Commonwealth of Pennsylvania, acting by and through Philadelphia District Attorney Lawrence S. Krasner ("Philadelphia District Attorney"). Under the same Case Management Order, any Amended Complaints were due by November 14, 2018 in the four test cases.

6. On November 14, 2018, pursuant to the Court's Order, Delaware County filed the First Amended Complaint wherein Walgreen Eastern Co. was named as a Defendant.

7. Pursuant to the Delaware County Court Order, Defendants' responses to the First Amended Complaint of both Delaware County and Carbon County are due on January 22, 2019.[3]

---

[1] It should be noted that certain Plaintiffs have filed objections to coordination, which are currently pending.
[2] Following another similar removal claimed on supposed CAFA grounds, the County of Carbon matter is currently pending before Chief Judge Sanchez.
[3] Defendants Responses, including the named Defendants herein, to the Carpenters' and Philadelphia District Attorney's First Amended Complaints are still due in the Court of Common Pleas of Delaware County on February 15, 2019.

8. In addition, in this already mature litigation, both Plaintiffs and Defendants proposals for a Protective Order with respect to discovery are currently pending before the Court of Common Pleas of Delaware County.

9. On December 31, 2018 Defendant Walgreen Eastern Co. ("Walgreens") filed a notice of removal with this Court on an improper basis.

10. Plaintiff maintains that Walgreens improperly removed this case under the "class action provision" of the Class Action Fairness Act ("CAFA"), arguing that this matter is "essentially a class action" (thereby subject to CAFA removal) because, Walgreens claims, the citizens of Delaware County, Pennsylvania are the real parties in interest and Delaware County is merely acting in a representative capacity. Notice of Removal (Dkt. No. 1) at ¶ 9.

11. On January 4, 2019 Plaintiff filed a Motion to Remand, Memorandum of Law in Support, and Request for Expedited Consideration. (Dkt. No. 4). Within Plaintiff's motion, it is noted that Walgreen's argument is directly contrary to the dispositive, binding authority of the United States Supreme Court decision in *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161 (2014). As Plaintiff indicates, this case in not removable, under CAFA or on any other basis, and should be remanded.

12. It is patently transparent that Walgreens' removal is simply an attempt to gain a procedural advantage by way of attempted transfer to *In Re: National Prescription Opiate Litigation*, MDL 2804 ("MDL"), based on an improper removal.

13. Under Federal Rule of Civil Procedure 81, a "defendant who did not answer before removal must answer or present other defenses or objections under these rules . . ." within

the longer of either 21 days after receiving the initial pleading or 7 days after the notice of removal.  F.R.C.P. 81(c)(2).

14. Here, as Defendants acknowledge pursuant to Rule 81, their answer or other defenses or objections were due on January 7, 2019, which was seven days after they filed the removal petition.  Certainly, Defendant Walgreens knew or should have known of this when it filed the Notice of Removal.

15. Instead, Defendants, including Walgreens, filed a Motion for Extension of time, arguing that forcing them to comply with the Rule 81 here, which their own actions triggered, would be inefficient. *See* Defendants Motion to Extend Time to Move, Answer, or Otherwise Respond to the First Amended Complaint (Dkt. No. 6), at ¶¶ 8-9.   Of course, if Defendants earnestly maintained that Federal Court was the appropriate jurisdiction for this case, then there would be nothing inefficient about requiring them to comply with Rule 81. Nevertheless, Plaintiff's counsel advised Defendants that once this Court addresses the remand motion, Plaintiffs would be amenable to arriving at a schedule for a responsive pleading.

16. Until then, Defendants' inappropriate removal petition has already caused, and will continue to cause, an incredibly inefficient waste of resources for Plaintiffs, other Opioid Defendants, and the Court of Common Pleas of Delaware County, as the instant Defendants have removed one of the four test cases in the Coordinated proceedings.  This has and will disrupt the underlying Coordinated proceedings, which now must proceed piecemeal while the decision to remand is pending.  Moreover, it is incredibly prejudicial to the Plaintiff here, Delaware County, who has been patiently waiting to litigate this case in its chosen forum since September of 2017.

17. Defendants concede that "[l]itigating the same issues in both federal and state court would be costly to all parties, as well as an inefficient use of judicial resources." Defendants Motion to Extend Time to Move, Answer, or Otherwise Respond to the First Amended Complaint (Dkt. No. 6), at ¶ 8.  Yet this is the precise consequence of this improper removal because even if the Delaware County matter were not remanded, the Carpenters and Philadelphia District Attorney matters are still pending in Delaware County.  Many of the moving Defendants here have been sued in the Carpenter's matter[4] and will be required to answer the Amended Complaint in that matter, which is very similar to the Amended Complaint filed by Delaware County, by February 15, 2019.  Moreover, as detailed *supra* at ¶, there are over thirty other Plaintiffs whose matters have been coordinated in Delaware County and whose matters may proceed should the instant matter not be remanded.  Thus, Defendants proposed extension of time will not avoid the inefficient and costly litigation of the same issues in both state and federal court.  Indeed, if Defendants seek efficiency, they must acknowledge that remand is the only manner to avoid inefficient dual litigation.

18. Again, Plaintiff does not oppose this Court setting new deadlines for responsive pleadings in the event that remand is denied.  Plaintiff respectfully submits however, that upon review of the Motion to Remand any responsive pleading deadlines in this Court will be rendered moot.

19. Based on the foregoing, Plaintiff submits this Response to respectfully request that this Honorable Court consider the Motion to Remand on an expedited basis.  Plaintiff

---

[4] The Carpenters Complaint currently seeks recovery from all of the moving Defendants except the Rite Aid and Walgreens entities (that is, from CVS Health Corporation, Walmart Inc., and The Kroger Co.. among other Defendants).

requests that this Court defer any decision with respect to the extension of time until the Motion for Remand has been decided.

20. Once the decision with respect to remand is made this Court will be in the best position to determine whether or not additional time for responsive pleadings is necessary and, if so, how much time is appropriate.

WHEREFORE, Plaintiff, by and through the undersigned counsel, respectfully requests deferral of Defendants' request for extension of time to plead, until a decision is made on the pending Motion for Remand to the Court of Common Pleas of Delaware County.

Dated:  January 8, 2019         /s/ Tobias L. Millrood
_____
Harris L. Pogust (Atty I.D. No. 52721)
Tobias L. Millrood (Atty I.D. No. 77764)
Gabriel C. Magee (Atty I.D. No. 311646)
POGUST MILLROOD
161 WASHINGTON ST., SUITE 940
CONSHOHOCKEN, PA 19428
(610) 941-4204
tmillrood@pogustmillrood.com

Carmen P. Belefonte (Atty I.D. No. 08608)
Robert J. Mongeluzzi (Atty I.D. No. 36283)
Michael F. Barrett (Atty I.D. No. 42305)
SALTZ MONGELUZZI BARRETT & BENDESKY
20 WEST THIRD STREET
P.O. BOX 1670
MEDIA, PA  19063
610-627-9777
cbelefonte@smbb.com


Paul J. Hanly, Jr.
Jayne Conroy
Thomas I. Sheridan, III
Andrea Bierstein
SIMMONS HANLY CONROY LLC
112 Madison Avenue

New York, NY 10016
(212) 784-6401
phanly@simmonsfirm.com
      -and-
Amy. E. Garrett
Trent B. Miracle (PA Atty I.D. No. 312802)
Sarah Burns
SIMMONS HANLY CONROY LLC
One Court Street
Alton, IL 62002
(618) 259-2222
sburns@simmonsfirm.com

Daniel Schwarz (Atty I.D. No. 67020)
SCHWARZ MONGELUZZI, LLC
One Liberty Place
1650 Market Street, 51st Fl.
Philadelphia, PA 19103
dschwarz@sm-attorneys.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2019, I electronically transmitted the foregoing document to the Clerk of the United States District Court using the CM/ECF system for filing and service to all parties/counsel registered to received copies in this case.

                                                /s/ Tobias L. Millrood

                                                Tobias L. Millrood